**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HERIBERTO RODRIGUEZ, Jr.,** | ) | |
| **# M-33820,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00101-SMY** |
| | ) | |
| **C/O KAMPFER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Heriberto Rodriguez, Jr., an inmate who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Menard Correctional Center ("Menard"). Plaintiff claims that he was wrongfully disciplined for possession of a weapon (Doc. 1, pp. 6-7). He seeks monetary damages and expungement of his disciplinary ticket (Doc. 1, p. 9).

### <u>Merits Review Under 28 U.S.C. § 1915A</u>

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As discussed in more detail below, Plaintiff's complaint does not survive preliminary review under Section 1915A and shall be dismissed.

## The Complaint

According to the complaint, Plaintiff was issued a disciplinary ticket at Menard for possession of a weapon on July 20, 2013 (Doc. 1, p. 6). That day, Officer Kampfer conducted two separate searches of Plaintiff's cell that were each ten minutes apart. During both "shakedowns," Plaintiff and his cellmate were taken to the shower. The cell "came out clean" each time (Doc. 1, p. 6).

Plaintiff was called to the internal affairs office an hour after the second shakedown. There, he was charged with possession of a weapon. He received a disciplinary ticket that night,

but he could not read it.  At his disciplinary hearing on July 23, 2013, Plaintiff learned that the charges arose from the discovery of a weapon in his waistband during a strip search. But Plaintiff was never subjected to a strip search.  Even so, the adjustment committee found him guilty of the rule violation on July 23, 2013.  According to the final adjustment committee hearing summary, he was punished with one year of segregation, demotion to C-grade status, and commissary restriction.

Plaintiff now sues Officer Kampfer for unspecified constitutional violations.  He seeks monetary damages.  He also seeks to have his disciplinary ticket expunged, after a polygraph test and a DNA analysis of the fingerprints on the weapon are completed (Doc. 1, p. 9).

## Discussion

Plaintiff challenges Defendant Kampfer's issuance of a false disciplinary ticket against him that resulted in his punishment with one year in segregation, demotion to C-grade status, and commissary restriction.  This claim arises under the Due Process Clause of the Fourteenth Amendment.  With the exception of Plaintiff's placement in segregation, however, these allegations do not present a viable constitutional claim that warrants a detailed discussion.  This is because there is no protected liberty interest in Plaintiff's loss of status or his access to the prison's commissary.  *See, e.g.*, *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997).

An "inmate's liberty interest in avoiding segregation is limited."  *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)).  Under certain circumstances, however, an inmate punished with segregation can pursue a claim for deprivation of a liberty interest without due process of law under the Fourteenth Amendment.  *See Marion*, 559 F.3d at 697-98.  Based on the allegations in the complaint, those circumstances are not present.

The complaint alleges that Plaintiff was issued a disciplinary ticket for possession of a weapon that he did not possess.   The fact that Plaintiff received a disciplinary ticket based on fabricated charges does not, standing alone, create a liberty interest.   Allegations of false disciplinary reports do not state a claim where due process is afforded.   *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)).   This is because a fair disciplinary hearing serves the purpose of sorting out any erroneous charges.   *Id.*

To satisfy due process, an inmate facing disciplinary charges must be given: (1) advance written notice of the charges against him; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence in his defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed.   *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).   In addition, the decision of the adjustment committee must be supported by "some evidence."   *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994).   In other words, courts must determine whether the decision of the hearing board has some factual basis.   *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).   Even a meager amount of supporting evidence is sufficient. *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007).   Plaintiff does not complain of a single violation of these procedural safeguards.[1]   The allegations in the complaint do not suggest that Plaintiff's disciplinary hearing violated the procedural safeguards described in *Wolff*.

---

[1] Further, the denial of any request for DNA or polygraph testing would not provide any additional support for Plaintiff's due process claim.  *See, e.g., Jemison v. Knight*, 244 Fed. Appx. 39, 42 (7th Cir. 2007) (citing *Freitas v. Auger*, 837 F.2d 806, 812 n. 13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings)).

However, the Court's analysis of Plaintiff's due process claim does not end there. Whether a protected liberty interest is implicated by Plaintiff's confinement in segregation for a year depends on whether that confinement "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).   Courts must consider two factors in determining whether disciplinary segregation imposes atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id.* at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)).

It appears from Plaintiff's adjustment committee hearing summary that he received one year in segregation.  A liberty interest may arise from longer terms of confinement such as this, triggering the need for further factual inquiry into the conditions of a prisoner's confinement. *See Marion*, 559 F.3d at 698 (holding that the issue of whether 240 days in disciplinary segregation would implicate a protected liberty interest could not be decided at the pleading stage).   However, the complaint includes no allegations describing the conditions that Plaintiff endured in segregation.  Without this basic information, the complaint fails to state any claim upon which relief may be granted.

Given the above-referenced deficiencies in Plaintiff's due process claim (which is the only claim addressed in the complaint), the Court now finds that the complaint fails to pass muster under Section 1915A and shall be dismissed.  However, the dismissal shall be without prejudice, and Plaintiff will be granted leave to file a "First Amended Complaint" addressing the defects in his pleading, if he wishes to pursue his claims against Defendant Kampfer or anyone else.  Plaintiff is **INSTRUCTED** to file a proper Section 1983 complaint with this Court within 35 days of the date of this order.  When doing so, he should follow the instructions set forth

below.  Failure to follow these instructions will result in dismissal of this action with prejudice for failure to state a claim under Section 1915A.  The Clerk of Court is **INSTRUCTED** to send Plaintiff the appropriate form to submit a Section 1983 claim.

### First Amended Complaint

When filing his amended pleading, Plaintiff should label the pleading, "First Amended Complaint."  He should also use *this* case number.  Plaintiff must indicate whether he is bringing this action pursuant to 42 U.S.C. § 1983 or some other law.  Plaintiff should be careful to include sufficient facts to demonstrate that Defendant(s) violated his rights—constitutional or otherwise.  As the events giving rise to this action began in July 2013, Plaintiff does not appear to face any impending statute of limitations deadline at this time on his federal claim, or before the deadline for filing the First Amended Complaint expires.

### Pending Motions

Plaintiff filed a motion to appoint counsel (Doc. 2), which shall be **HELD IN ABEYANCE** until the Court receives Plaintiff's First Amended Complaint.

Plaintiff also filed a motion for service of process at government expense (Doc. 3), which is hereby **DENIED**.  The motion is unnecessary.  The Court will order service on any defendant(s) against whom Plaintiff is allowed to proceed, once the Court completes its preliminary review of the First Amended Complaint.

Finally, Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 6), which shall be addressed in a separate Order of the Court.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.  Defendant **C/O KAMPFER** is also **DISMISSED** without prejudice.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before April 16, 2015.**  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should label the form, "First Amended Complaint," and he should use the case number for *this* action.  The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.

Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[2] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 12, 2015**

s/ STACI M. YANDLE<br>**U.S. District Judge**

---

[2]  Plaintiff has filed a motion for leave to proceed *in forma pauperis* that remains pending. Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.