IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HERIBERTO RODRIGUEZ, Jr.,** ) <br> **# M-33820,** ) <br> ) <br>          **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **C/O KAMPFER,** ) <br> ) <br>          **Defendant.** ) | Case No. 15-cv-00101-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On January 30, 2015, Plaintiff filed a complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff sued Defendant C/O Kampfer, a correctional officer at Menard Correctional Center ("Menard"), for unspecified constitutional violations that allegedly resulted from his receipt of a false disciplinary ticket. The complaint did not survive threshold review under 28 U.S.C. § 1915A because it failed to state a claim upon which relief may be granted against the defendant. Accordingly, the Court dismissed the complaint on March 12, 2015 (Doc. 9). However, the dismissal was without prejudice to Plaintiff filing an amended complaint on or before April 16, 2015 (Doc. 9, p. 7). The deadline has now passed. Plaintiff has not filed an amended complaint. He has also failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v.*

*Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's pending motion to appoint counsel (Doc. 2) is hereby **DENIED** as **MOOT**.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).  If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1]  FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 4, 2015**

s/ STACI M. YANDLE
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).